IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br>v.<br><br>ART INTELLECT, INC., a Utah corporation, d/b/a MASON HILL and VIRTUAL MG, PATRICK MERRILL BRODY, LAURA A. ROSER, and GREGORY D. WOOD,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY OF STEVEN R. PAUL**<br><br>Case No. 2:11-cv-00357-TC-DN<br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

   Defendants' Motion to Quash Subpoena and for Protective Order[1] (Motion to Quash) and Plaintiff's Motion to Compel Deposition Testimony of Steven R. Paul[2] (Motion to Compel) are before the magistrate judge. The magistrate judge has carefully reviewed the motions, memoranda, relevant legal authorities and other materials submitted by the parties. For the reasons set forth below, Defendants' Motion to Quash is GRANTED IN PART and DENIED IN PART and Plaintiff's Motion to Compel is GRANTED.

## INTRODUCTION

   On April 18, 2011, the Securities and Exchange Commission (Commission) filed a Complaint against Art Intellect, Inc. d/b/a Mason Hill and Virtual MG (Mason Hill) alleging that

---

[1] [Defendants'] Motion to Quash Subpoena and for Protective Order (Motion to Quash), docket no. 125, filed October 4, 2011.

[2] [Plaintiff's] Motion to Compel Deposition Testimony of Steven R. Paul (Motion to Compel), docket no. 131, filed October 14, 2011.

Mason Hill violated federal securities laws.[3]  That same day, the district judge approved an Order Accelerating Discovery (Discovery Order), which provided for expedited discovery.[4] Under the Discovery Order, depositions could be scheduled "on three days written notice *to the parties*, which notice must be served by facsimile and electronic mail."[5]

On September 23, 2011, the Commission sent an email to Mason Hill's attorney, Steven R. Paul (Paul), asking when the Commission could depose Paul.[6]  After four days passed without a response, the Commission again asked Paul to provide dates on which Paul would be available for a deposition.[7]  Paul responded that his preference was to wait until the Court had made a ruling on whether a security was at issue in the case before he agreed to be deposed.[8]  Paul also stated that he would "need to know what you intend to ask in the deposition as my role in this case has been both corporate counsel and litigation counsel."[9]

Not satisfied with Paul's response, the Commission told Paul that it was not willing to delay the deposition and that the Commission would move forward with the issuance of the Notice of Deposition.[10]  The Commission issued the Notice of Deposition of Steven R. Paul[11] (Notice) and the Subpoena in a Civil Case[12] (Subpoena) on October 3, 2011, scheduling Paul's

---

[3] Complaint, docket no. 1, filed April 18, 2011.

[4] Temporary Restraining Order, Accelerating Discovery, and Order to Show Cause (Discovery Order) at 3, docket no. 4, filed April 18, 2011.

[5] *Id.* at 3 (emphasis added).

[6] September 23, 2011 email from Thomas M. Melton (attorney for the Commission) to Paul, attached as Exhibit 2 to Motion to Quash.

[7] September 27, 2011 email from Melton to Paul, attached as Exhibit 3 to Motion to Quash.

[8] September 29, 2011 email from Paul to Melton, attached as Exhibit 3 to Motion to Quash.

[9] *Id.*

[10] September 29, 2011 email from Melton to Paul, attached as Exhibit B to Memorandum in Opposition to Motion to Quash (Memorandum in Opposition), docket no. 126, filed October 5, 2011.

[11] Notice of Deposition of Steven R. Paul (Notice), attached as Exhibit 1 to Motion to Quash.

[12] Subpoena in a Civil Case (Subpoena), attached as Exhibit 1 to Motion to Quash.

deposition for October 6, 2011 at 10:00 a.m.[13]  Instead of appearing for the deposition, Paul filed his motion to quash.  Then, when Paul failed to appear for the deposition, the Commission filed its motion to compel.

## DISCUSSION

### Motion to Quash

Paul argues that the Notice and Subpoena are defective because they violate Rules 30 and 45 of the Federal Rules of Civil Procedure.[14]  First, Paul argues that the Notice is defective.  He argues that it imposes an "undue burden" in violation of Rule 30(b)(1) because it gives him only three days to prepare for and appear at the deposition, which is not "reasonable written notice."[15]  He also argues the Notice is defective because it violates Rule 30(b)(3) by not stating the method for recording the deposition.[16]  As to the Subpoena, Paul argues that it is defective because it does not state the method for recording the deposition and does not contain the language required by Federal Rule of Civil Procedure 45(c) and (d).  Paul further asserts that, like the Notice, the Subpoena imposes an "undue burden" on him in violation of Rule 45(c) because it gives him "less than three days['] notice of the deposition."[17]  In addition, Paul argues that the Subpoena is invalid because the Commission failed to serve it properly.[18]  Paul argues that he is not a party to the matter, but is rather *counsel* to a party, and therefore the Discovery Order should not apply to him and he should be afforded all of the protections afforded by Rule 45.[19]  Finally, Paul argues his deposition "should be taken only subject to a protective order as provided under Rule

---

[13] Notice at 1.

[14] Motion to Quash at 1.

[15] *Id.*

[16] *Id.* at 2, 3.

[17] *Id.* at 3.

[18] *Id.* at 4.

[19] *Id.* at 3–4.

26(c)."[20] The protective order would protect against disclosure of privileged matters and would limit the temporal scope of the deposition.

The Commission, on the other hand, argues that the Notice and Subpoena are not defective because they complied with the terms of the Discovery Order.[21] Under the Discovery Order, the Commission argues, depositions may be scheduled with only three days' notice and such notice may be served electronically.[22] The Commission also argues that there is no harm in the Commission's mistakes in omitting the language of Rules 45(c) and (d) and omitting the means by which the deposition will be recorded because form should not be elevated over substance, and because Paul, as an attorney, should know that the deposition would be taken by stenographic means.[23] The Commission claims that because it gave Paul the opportunity to set the date of the deposition, there is no "undue burden" under either Rule 30 or Rule 45.[24] The Commission does not think a protective order should be issued to limit Paul's deposition.[25]

The Commission failed, however, to provide any support for its claim that the Discovery Order is applicable to a party's *counsel*. A party's counsel is not a party. Because Paul is not a party himself, and because the Discovery Order applies only "to the parties," the Commission must satisfy the traditional requirements of Rule 45—not the special requirements of the Discovery Order—in order to serve a valid Subpoena on Paul.

---

[20] *Id.* at 4.

[21] Memorandum in Opposition at 2.

[22] *Id.*

[23] *Id.* at 2–3.

[24] *Id.* at 3–4.

[25] *Id.* at 4.

The Federal Rules of Civil Procedure require "reasonable written notice" of a deposition be given to the deponent.[26] Notice may be satisfied by stipulation[27] or by subpoena.[28] Any subpoena commanding attendance at a deposition must (1) "state the court from which it is issued;"[29] (2) "state the title of the action, the court in which it is pending, and its civil-action number;"[30] (3) "command the person to whom it is directed to . . . attend and testify;"[31] (4) "set out the text of Rule 45(c);"[32] (5) "set out the text of Rule 45[d];"[33] and (6) "state the method for recording the testimony."[34] Proper service of the subpoena "requires delivering a copy to the named person," along with reimbursement to the potential deponent for time and travel.[35] If the issuing party is the United States, however, no reimbursement is required.[36] Moreover, an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[37] While the Commission is correct that a court should not quash "an otherwise valid subpoena because it is unsigned and does not cite the portions of a Federal Rule,"[38] a court "must quash or modify a

---

[26] Fed. R. Civ. P. 30(b)(1).

[27] Fed. R. Civ. P. 30(a)(1).

[28] Fed. R. Civ. P. 45(a)(iii).

[29] Fed. R. Civ. P. 45(a)(1)(A)(i).

[30] Fed. R. Civ. P. 45(a)(1)(A)(ii).

[31] Fed. R. Civ. P. 45(a)(1)(A)(iii).

[32] Fed. R. Civ. P. 45(a)(1)(A)(iv).

[33] *Id.*

[34] Fed. R. Civ. P. 45(a)(1)(B).

[35] Fed. R. Civ. P. 45(b)(1).

[36] *Id.*

[37] Fed. R. Civ. P. 45(c)(1).

[38] Memorandum in Opposition at 3 (citing *Fago v. City of Hartford*, No. 02-1189, 2003 WL 23689571, at *5 (D. Conn. Dec. 31, 2003)).

subpoena that . . . fails to allow a reasonable time to comply."[39] "One seeking a protective order or to quash a subpoena carries the burden to show good cause and/or the right to be protected."[40]

The Subpoena (1) states the court from which it is issued; (2) states the title of the action, the court in which it is pending, and its civil-action number; and (3) commands Paul to attend and testify. However, it (4) does not set out the text of Rule 45(c); (5) does not set out the text of Rule 45(d); and (6) does not state the method for recording the testimony. Such ministerial errors may not, by themselves, justify granting the Motion to Quash. However, these are not the only shortcomings of the Subpoena. The Commission's Subpoena was improperly served and failed to allow a reasonable time to comply.

First, the Subpoena was improperly served. A subpoena under Rule 45 is not properly served by email or fax,[41] but must be served personally.[42] Therefore, because the Commission delivered the Notice and Subpoena to Paul by fax, service is invalid.

Second, the Subpoena failed to allow reasonable time to comply. Although Rule 45 does not define "reasonable time," many courts have found that anything less than fourteen days from the date of service is not reasonable.[43] Here, the Commission gave Paul less than three days to

---

[39] Fed. R. Civ. P. 45(c)(3)(A)(i).

[40] *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000).

[41] *See Bank of Oklahoma, N.A. v. Arnold*, No. 06-543, 2008 WL 482860, at *3 (N.D. Okla. Feb. 20, 2008) ("[T]he Court declines the government's invitation to interpret Rule 45(b)(1) so broadly as to allow service of a subpoena by email or facsimile in this case.").

[42] *Id.* (adopting "longstanding" majority interpretation of Rule 45 that requires personal service of a subpoena).

[43] *Compare Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (Table), Nos. 95-3195, 95-3292, 1997 WL 280188, at *5 n. 5 (6th Cir. May 27, 1997) (approving magistrate judge's finding that fourteen days' notice is reasonable), *with Cris v. Fareri*, No. 10-1926, 2011 WL 4433961, at *2 (D. Conn. Sept. 22, 2011) (less than two days not reasonable); *Nelson v. Granite State Ins. Co.*, No. 08-1165, 2010 WL 908845, at *1 (W.D. Okla. Mar. 10, 2010) (forty-eight hours not reasonable); *Mem'l Hospice, Inc. v. Norris*, No. 08-048, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (three days not reasonable; eight days not reasonable); *Tri Invs., Inc. v. Aiken Cost Consultants, Inc.*, No. 11-04, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) (six days not reasonable); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D.Nev.1999) (six days not reasonable); *Donahoo v. Ohio Dept. of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (one week not reasonable); *Brown v. Hendler*, No. 09-4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (nine days not reasonable). *But see P.S. v. Farm, Inc.*, No. 07-2210, 2009

prepare and appear for his deposition. This imposes an undue burden on Paul and is unreasonable. While the Commission made an effort to communicate with Paul, and Paul did not provide any dates for availability, the Commission was not authorized to counter Paul's unresponsiveness by serving a subpoena that allowed Paul less than three days to prepare for deposition. Therefore, Paul has carried his burden to show good cause to quash the subpoena.

## Protective Order

Paul also seeks a protective order.[44] He asks this court to limit the scope of his deposition to "forbid inquiry into matters protected from disclosure by the attorney-client privilege between Mr. Paul and defendants."[45] Specifically, Paul asks that the deposition be limited to "questions arising out of Mr. Paul's representation of Mason Hill and Art Intellect prior to the time of the SEC filing its action . . . ."[46]

The Commission argues that a protective order to limit the scope of Paul's deposition is not appropriate because "Paul should have advised his clients at the commencement of these proceedings that his counsel to Art Intellect might pose representational issues in the litigation" and because "Paul has never identified any privileged communication."[47] The Commission argues that Defendant Art Intellect, Defendant Brody, and Defendant Roser do not have an attorney-client privilege with Paul because Art Intellect's privilege was waived by the Court-

---

WL 483236, at *4 (D. Kan. Feb. 24, 2009) (finding five days reasonable under a local court rule defining "reasonable written notice" under Rule 30 as "five days").

[44] Motion to Quash at 5.

[45] *Id.*

[46] *Id.*

[47] Memorandum in Opposition at 4.

appointed receiver, and because Brody and Roser have not asserted the privilege.[48] The Commission suggests that it should be able to ask Paul any question, without limitation.[49]

No one suggests that Paul should not be deposed. Rather, limitations on examination are proposed. For example: "Any deposition of Mr. Paul should be *limited* to questions arising out of Mr. Paul's representation of Mason Hill and Art Intellect prior to the time of the [Commission] filing its action against Defendants."[50] The question in this case, therefore, is whether a protective order should limit the scope of Paul's deposition.

The "Federal Rules of Civil Procedure do not themselves exempt attorneys from being a source of discoverable facts."[51] For example, Rule 26 allows discovery for "any matter not privileged, which is relevant to the subject matter involved in the pending action"[52] and Rule 30 allows the deposition of "any person."[53] Indeed, "[a]ttorneys are not immune from depositions when they possess discoverable information that is relevant to the case."[54] "An attorney, even an attorney for a party to the suit, is subject to being deposed."[55]

Rule 26 provides that "parties may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action."[56] Further, Rule 26 allows a court to limit discovery if:

---

[48] *Id.* at 4–5.

[49] *Id.* at 4.

[50] [Defendants'] Reply Memorandum in Support of Motion to Quash Subpoena and for Protective Order at 4, docket no. 127, filed October 6, 2011 (emphasis added).

[51] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 247 (D. Kan. 1995).

[52] Fed. R. Civ. P. 26(b)(1).

[53] Fed. R. Civ. P. 30.

[54] *Sorenson v. Riffo*, No. 06-749, 2008 WL 2465454, at *5 (D. Utah June 16, 2008).

[55] *Id.* (quoting *Simmons*, 191 F.R.D. at 630).

[56] Fed. R. Civ. P. 26(b)(1).

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under subdivision (c).[57]

In *United Phosphorus*, the court addressed whether a protective order could be issued to limit the scope of a deposition of an attorney who represented a party in the case.[58] John Tillotson, an attorney for the corporate defendant,[59] initially agreed to be deposed by opposing counsel, but later changed his mind and requested that opposing counsel "identify the subject matters into which inquiry would be made" during the deposition.[60] When opposing counsel did not do so, Tillotson refused to be deposed and filed a motion for a protective order that would limit the scope of his deposition.[61] The court denied the protective order, reasoning that even though it had the power to issue a protective order under Rule 26, a protective order to limit Tillotson's deposition would not be appropriate because Tillotson "was directly involved in events preceding the filing of the action . . . ."[62] Further, "under Rule 30 there is no requirement that the notice to take depositions include an identification of the subject matters upon which the

---

[57] Fed. R. Civ. P. 26(b)(2).

[58] *United Phosphorus*, 164 F.R.D. at 247.

[59] *Id.* at 248.

[60] *Id.* at 246.

[61] *Id.*

[62] *Id.* at 249.

witness is to be deposed."[63]  The court made it clear that the burden of establishing "good cause" for a protective order is on the party seeking the order.[64]

Like Tillotson, Paul does not want to be deposed without assurance that the deposition will be limited to certain topics of questioning.  And like Tillotson, Paul was directly involved in events preceding the filing of the action.  Paul has failed to establish good cause to issue a protective order limiting the scope of the deposition.  Moreover, as the *United Phosphorus* court explained, the Federal Rules of Civil Procedure do not require attorneys taking depositions to predetermine the scope of their deposition inquiry.  Therefore, the magistrate judge declines Paul's invitation to limit the scope of the deposition.

This does not mean that counsel may require the answer to any question during the deposition of an opposing attorney.  As Rule 26 unambiguously provides, parties may only acquire information regarding matters that are "not privileged."[65]  Therefore, the Commission may not obtain Paul's privileged communications, and if Paul believes he is being asked to divulge a privileged communication, he may raise an objection.  But the scope of the deposition testimony will not be limited in advance by an attempt to establish bright lines around what is "privileged" and "not privileged" communication.  The Commission and Paul have not provided sufficient information for the court to be able to identify those areas which are "privileged" and "not privileged."  If objections are raised based on attorney-client privilege, the objections may be determined on a question by question basis.  The magistrate judge would be available for telephone discussion of these issues if given notice of the date and time of the deposition.

---

[63] *Id.* at 248.

[64] *Id.* at 247; *see also Simmons*, 191 F.R.D. at 630.

[65] Fed. R. Civ. P. 26(b)(1).

For the foregoing reasons, the Motion to Quash is GRANTED IN PART and DENIED IN PART.

### Motion to Compel

After filing his Motion to Quash, Paul did not appear for the deposition the Commission had scheduled. The Commission argues that Paul was not justified in missing "his properly noticed deposition,"[66] and moves to compel Paul to submit to deposition. If Paul intended not to attend, the Commission argues, he was required to request and obtain an order staying or cancelling the deposition prior to the deposition.[67] This is incorrect.

First, the deposition was not "properly noticed."[68] But even if it were properly noticed, the local rules clearly allow a potential deponent to "stay a properly noticed oral deposition by filing a motion for a protective order or other relief by the third business day after service of the notice of deposition. The deposition will be stayed until the motion is determined."[69]

The notice of deposition was served on October 3, 2011. Paul filed a motion for a protective order on October 4, 2011. Therefore, Paul satisfied the requirement to file a motion for protective order by the third day after service of the notice of deposition. As a result, the deposition was automatically stayed and Paul did not have to seek an order staying or cancelling the deposition.

The Commission further argues, however, that because Paul "willfully chose to ignore the notice and subpoena requiring his appearance to provide deposition testimony[,]" the Court should compel Paul to appear for a deposition.[70] Paul maintains that he never received proper

---

[66] Memorandum in Support of Motion to Compel at 3, docket no. 132, filed October 14, 2011.

[67] *Id.* at 4.

[68] *See supra* notes 41–43 and accompanying text.

[69] DUCivR 26-2.

[70] Memorandum in Support of Motion to Compel at 4.

notice, and therefore, he should not be required to appear for a deposition.[71] While Paul did not yet receive proper notice, he is subject to deposition and will be required to attend when properly served, on adequate notice.

### Expenses

The Commission argues that Paul should be required to "pay the Commission's costs associated with his failure to appear" for his deposition.[72] When a motion to compel is granted, the court "must . . . require the party or deponent whose conduct necessitated the motion" to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[73] "But the court must not order this payment if: . . . the nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust."[74] Objecting to a motion is "substantially justified" if the motion raised an issue about which reasonable people could genuinely differ.[75]

Even though the Commission's Motion to Compel is granted, no expenses are awarded to the Commission. When Paul objected to the Commission's Motion to Compel, his deposition was deferred pursuant to DUCivR 26-2. Paul not only raised an issue about which reasonable people could genuinely differ, his notice stayed his obligation to appear, making an award of expenses unjust. No expenses are awarded.

---

[71] Objection to Plaintiff's Motion to Compel Deposition Testimony of Steven R. Paul at 1–2, docket no. 136, filed November 1, 2011.

[72] Memorandum in Support of Motion to Compel at 4.

[73] Fed. R. Civ. P. 37(a)(5)(A).

[74] *Id.*

[75] *See* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2288 (3d ed. 2011); *Hutchinson v. Pfeil*, No. 98-5043, 1999 WL 1015557, at *3 (10th Cir. Nov. 9, 1999) (unpublished decision).

**ORDER**

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Quash Subpoena and for Protective Order[76] is GRANTED IN PART and DENIED IN PART.

2. Plaintiff's Motion to Compel Deposition Testimony of Steven R. Paul[77] is GRANTED. The Commission must properly issue and serve a new subpoena and notice of deposition before deposing Paul.

3. No expenses are awarded to either party on these motions.

Dated March 6, 2012.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[76] Motion to Quash, docket no. 125, filed October 4, 2011.

[77] Motion to Compel, docket no. 131, filed October 14, 2011.