Thomas M. Melton (Utah State Bar No. 4999)
MeltonT@sec.gov
Daniel Wadley (Utah State Bar No. 10358)
WadleyD@sec.gov
Cheryl M. Mori (Utah State Bar No. 8887)
MoriC@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

```
                FILED
         U.S. DISTRICT COURT

         2013 SEP 11  ⊃ 2:04

           DISTRICT OF UTAH

         BY:_____
              DEPUTY CLERK
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil No. 2:11CV00357 |
| PLAINTIFF, | Judge Tena Campbell |
| v. | |
| Art Intellect, Inc., a Utah corporation, d/b/a Mason Hill and Virtual MG, Patrick Merrill Brody, Laura A. Roser, Gregory D. Wood, | **FINAL JUDGMENT AS TO DEFENDANT LAURA A. ROSER** |
| DEFENDANTS. | |

The Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant Laura A. Roser ("Roser" or the "Defendant") having entered a general appearance; consented to the Court's jurisdiction over her and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and, waived any right to appeal from this Final Judgment,

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person; and,

(d) to offer, sell or solicit the sale of securities in a public or private offering, except for purchases or sales of securities by Defendant for a personal account maintained at a broker or dealer registered with the Commission.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e (a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or,

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h).

IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant and Defendant's officers, agents, servants, employees, attorneys, and accountants, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, are permanently enjoined from engaging in the transactions, acts, practices and courses of business described in the complaint and, from engaging in conduct of similar purport and object in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant has satisfied her disgorgement obligation by transferring to the court-appointed Receiver her interest in the assets that were frozen pursuant to the Asset Freeze Order the Court issued on April 27, 2011, including automobiles, jewelry and fine art.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for a period of five years from the date of this Final Judgment, Defendant shall not engage in or participate in any unregistered offering of securities conducted in reliance on Rule 506 of Regulation D (17 C.F.R. § 230.506), including by occupying any position with, ownership of, or relationship to the issuer enumerated in 17 C.F.R. § 230.506(d)(1).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth herein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: September 10, 2013

_____
Honorable Tena Campbell
United States District Judge

Presented by:

/s/ Thomas M. Melton
_____

Thomas M. Melton
Daniel J. Wadley
Cheryl M. Mori
Attorneys for Plaintiff
Securities and Exchange Commission

Approved as to form,

_____
Walter F. Bugden
Attorney for Defendant
Laura A. Roser